UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| COZEN O'CONNOR<br><br>                               Plaintiff,<br><br>       v.<br><br>STB, INC. d/b/a STB LIFESAVING TECHNOLOGIES, INC.; JODY BELLAR, an individual; RICHARD MOSCARELLO, an individual; and HAROLD GORLICK, an individual,<br>                               Defendants | Case No.<br><br>COMPLAINT FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

## **CIVIL ACTION-COMPLAINT**

Plaintiff Cozen O'Connor hereby files its complaint, and in support thereof avers as follows:

### **PARTIES**

1. The Plaintiff, Cozen O'Connor ("Cozen"), is a professional corporation engaging in the business of providing legal services and organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at One Liberty

COMPLAINT FOR DAMAGES - 1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

Place, 1650 Market Street, Suite 2800, Philadelphia, Pennsylvania, 19103.  Plaintiff maintains offices in locations around the United States, including an office in Seattle, Washington.

2. Defendant STB, Inc. d/b/a STB Lifesaving Technologies, Inc. ("STB") is a corporation duly organized and existing under the laws of the state of Washington with a principal place of business at 13212 NE 16th Street, Suite 312, Bellevue, Washington 98005.

3. On information and belief, Defendant Jody Bellar ("Bellar") is an individual residing in Bellevue, Washington.  On information and belief, at all times relevant hereto, Bellar was a co-owner and the Chief Financial Officer and Executive Vice President of STB.

4. On information and belief, Defendant Richard Moscarello ("Moscarello") is an individual residing in Boulder, Colorado.  On information and belief, at all times relevant hereto, Moscarello was a co-owner and the Chief Executive Officer and President of STB and conducted business at the STB office in Bellevue, Washington.

5. On information and belief, Defendant Harold Gorlick ("Gorlick") is an individual residing in Bellevue, Washington.  On information and belief, at all times relevant hereto, Gorlick was the majority owner of STB.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

7. This Court has personal jurisdiction over Defendants STB, Bellar and Gorlick because each is a resident of the state of Washington.  This Court has personal jurisdiction over Defendant Moscarello because Moscarello has done business in Washington, including in this judicial district, and because Moscarello has established sufficient minimum contacts

COMPLAINT FOR DAMAGES  - 2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

with this judicial district as a result of business conducted within the State of Washington and within this judicial district. The exercise of jurisdiction over Moscarello would not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this forum in as much as the transaction or occurrence upon which Plaintiff's claims are based occurred in this district.

**FACTS**

9. On or about April 12, 2012, STB retained Cozen to take over the representation of them in intellectual property matters, including the preparation and prosecution of patent and trademark applications in the United States and abroad.

10. STB received an engagement letter authored by Cozen's Partner responsible for Defendants' matters, Donald McPhail (hereinafter "McPhail") and sent from Cozen's Washington DC office, bearing an address of 1627 I Street, NW, Suite 1100, Washington, DC 20006. McPhail joined Cozen in April 2012. The engagement letter was dated September 4, 2012.

11. Pursuant to the engagement letter, STB was obligated to pay fees for legal services performed by Cozen. A true and correct copy of the engagement letter is attached hereto and marked as Exhibit A.

12. Prior to joining Cozen, McPhail had previously represented STB on at least some of these matters while affiliated with Duane Morris LLP at 505 9th St. NW, Suite 1100, Washington, DC 20004. Those particular matters were transferred by STB to Cozen in April 2012.

COMPLAINT FOR DAMAGES - 3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

13. Pursuant to the engagement letter, STB was obligated to pay Cozen's fees for legal services rendered to STB, as well as all costs and expenses incurred on STB's behalf in connection with Cozen's representation of STB.

14. Beginning in April 2012 and continuing until the engagement was terminated, STB retained Cozen and Cozen undertook to represent STB.

15. From April 2012 to May 2016, Cozen regularly communicated with members of STB's management team, including CEO and President Moscarello, CFO and Executive Vice President Bellar and CSO and Executive Vice President Martin J. MacPhee via telephone, mail, e-mail and in-person meetings.

16. During the relevant period, Cozen regularly billed STB on the respective terms set forth in the engagement letter. STB, however, quickly fell behind in its payments to Cozen. Nevertheless, based upon McPhail's long-standing relationship with STB, Cozen continued to represent STB.

17. Beginning in early 2014, Cozen notified Defendants that, pursuant to the terms of Cozen's engagement letter, it would be forced to withdraw its representation unless payments were made.

18. Despite repeated promises to do so, including the personal guarantees of Gorlick, Bellar and Moscarello, and multiple proposals of a schedule for payments, Defendants failed to make any payment to Cozen.

19. STB owes Cozen $395,546.64 for legal fees Cozen earned and costs Cozen incurred on STB's behalf from April 2012 to July 2014.

COMPLAINT FOR DAMAGES - 4

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

# COUNT I
## (Breach of Contract)

20. Cozen incorporates by reference the averments of the preceding paragraphs 1-19 as if the same were set forth at length herein.

21. Cozen and STB entered into a legally binding and valid retainer agreement.

22. Pursuant to the retainer agreement, as set forth in the engagement letter, STB was obligated to pay Cozen for the legal fees earned by Cozen for its services and for the costs incurred by Cozen in connection with its representation of STB.

23. Cozen performed its obligations required under the terms of the retainer agreement.

24. STB breached the material terms of the retainer agreement by failing to pay Cozen for legal services rendered and costs incurred under the terms set forth therein.

25. Cozen has given written notice to STB of its breach.

26. As a result of STB's breach, Defendants are liable to Cozen in the total amount of $395,546.64, representing unpaid fees and costs for legal services rendered on behalf and at the request of STB.

# COUNT II
## (Quantum Meruit)

27. Cozen hereby incorporates by reference the allegations of the preceding paragraphs 1-26 as if the same were set forth at length herein.

28. As set forth above, Cozen rendered services to STB and incurred costs and expenses on its behalf at the request of Defendants, having a value of $395,546.64, for which Cozen has not been paid.

COMPLAINT FOR DAMAGES - 5

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

29. Defendants enjoyed the benefits of Cozen's services and advancements of costs and expenses but has failed to compensate Cozen for the reasonable value of said services, costs, and expenses to which Cozen is entitled and for which Cozen expects payment.

30. The Defendants know or should know Cozen expects payment for services rendered and advancement of costs and expenses, and Defendants have been unjustly enriched as a result of the failure to compensate Cozen.

## COUNT III
### (Promissory Estoppel)

31. Cozen hereby incorporates by reference the allegations of the preceding paragraphs 1-30 as if the same were set forth at length herein.

32. Pursuant to the engagement letter, STB obligated itself to pay Cozen for legal fees incurred in connection with the representation of STB.  When STB subsequently defaulted, its agents, including Defendants Moscarello, Bellar and Gorlick, repeatedly promised to pay Cozen for the amounts owed.

33. Defendants should reasonably have expected to cause Cozen to change its position.

34. As a result of Defendants' promise, Cozen rendered additional services and incurred additional costs and expenses on behalf of Defendants.

35. Cozen justifiably relied on Defendants' promises to its detriment, despite repeated assurances by Defendants that payment was forthcoming.

36.  Cozen demanded that STB pay the outstanding balance.

COMPLAINT FOR DAMAGES  - 6

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

37. Defendants benefitted from the services rendered, as Cozen was responsible for obtaining patents and trademarks for STB.

38. Injustice cannot be avoided unless Defendants compensate Cozen for services rendered in reliance upon Defendants' promises. If Defendants are not compelled to pay the outstanding balance, Defendants will have received substantial legal services free of charge.

## COUNT IV
### (Breach of Implied Duty of Good Faith and Fair Dealing)

39. Cozen hereby incorporates by reference the allegations of the preceding paragraphs 1-38 as if the same were set forth at length herein.

40. Every contract carries an implied duty of good faith and fair dealing. The implied warranty requires parties to refrain from activity that will destroy or injure the right of the other party to enjoy the fruits of the contract.

41. Cozen entered into a contract with STB by virtue of the engagement letter. Pursuant to the engagement letter, STB agreed to pay Cozen for the costs, expenses, and legal fees incurred in the representation as set forth in the agreement.

42. Defendants had an obligation to deal with Cozen in good faith pursuant to the engagement letter.

43. Defendants breached the implied duty of good faith and fair dealing by willfully evading the spirit of the contract, repeatedly offering promises of repayment to induce further performance by Cozen.

44. Defendants were continually reminded of the outstanding balances. Defendants have demonstrated a clear understanding of the total amount due. Despite having

COMPLAINT FOR DAMAGES  - 7

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

been afforded numerous opportunities to pay, Defendants failed to pay Plaintiff for nearly all of the legal services rendered or costs incurred.

45.     Defendants breached the implied duty of good faith and fair dealing by willfully rendering imperfect performance, merely paying a fraction of the total amount owed in order to induce further performance.

46.     As a direct and proximate result of the breach of the aforementioned implied warranties, Cozen has been damaged in excess of $395,546.64.

## COUNT V
### (Unjust Enrichment)

47.     Cozen hereby incorporates by reference the allegations of the preceding paragraphs 1-46 as if the same were set forth at length herein.

48.     As set forth above, Cozen rendered services to STB and incurred costs and expenses on its behalf between April 2012 and July 2014 with Defendants' knowledge, for which Cozen has not been paid.

49.     Defendants are indebted to Cozen in the principal sum of $395,546.64 for rendered services and incurred costs and expenses, under circumstances such that it would be unjust for Defendants to retain the value or such services against Cozen's demands.

50.     Defendants enjoyed the benefits of Cozen's services and advancements of costs and expenses but has failed to compensate Cozen for the reasonable value of said services, costs, and expenses to which Cozen is entitled.

51.     The Defendants have been unjustly enriched as a result.

COMPLAINT FOR DAMAGES  - 8

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

## COUNT VI

### (Disregarding the Corporate Form – All Defendants)

52. Cozen hereby incorporates by reference the allegations of the preceding paragraphs 1-51 as if the same were set forth at length herein.

53. Upon information and belief, Defendants Jody Bellar, Richard Moscarello, and Harold Gorlick regularly disregarded the corporate form of STB and acted as the alter ego of STB.

54. Upon information and belief, Defendants Jody Bellar, Richard Moscarello, and Harold Gorlick caused STB's assets to be transferred to other entities or people (including themselves), without consideration, and has left STB devoid of assets to avoid potential liability.

55. Upon information and belief, Defendants Jody Bellar, Richard Moscarello, and Harold Gorlick personally conducted negotiations with Cozen and presented proposals related to payment of outstanding invoices.

56. Upon information and belief, Defendants Jody Bellar, Richard Moscarello, and Harold Gorlick intentionally underfunded STB in order to avoid payment of debts owed to creditors, including Cozen.

57. Defendants Jody Bellar, Richard Moscarello, and Harold Gorlick each held out that they were personally liable for the debts of STB. Defendants Jody Bellar, Richard Moscarello, and Harold Gorlick personally guaranteed payment to Cozen.

58. Defendants misrepresented that they guaranteed payment to Cozen. Defendants' representation was material to Cozen's further representation and payment of costs/expenses. The representation that Defendants would pay Cozen was false, and

COMPLAINT FOR DAMAGES  - 9

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

Defendants knew the representation was false. Defendants intended Cozen to rely on the false representation to obtain additional services or advancements for costs/expenses from Cozen. Cozen was ignorant of the falsity of Defendants' statements. Cozen rightfully relied on the false representations based on the ongoing relationship between Defendants and Cozen. Cozen suffered damages in the amount of $395,546.64 from reliance on the false representation.

59. The corporate form of STB has been used by Defendants Jody Bellar, Richard Moscarello, Harold Gorlick, and STB to evade duties that STB owes to its creditors, including Cozen. The corporate form must be disregarded to prevent loss to Cozen, an innocent party.

60. The corporate form must be disregarded to prevent loss to innocent parties.

61. Defendants Jody Bellar, Richard Moscarello, and Harold Gorlick are jointly and severally liable with STB for debts Defendants owe to Cozen.

## **PRAYER**

WHEREFORE, Plaintiff Cozen O'Connor demands judgment against Defendants for the following:

  a. An amount including, but not limited to, the sum of $395,546.64;

  b. Prejudgment and post-judgment interest plus

  c. Court costs;

  d. Attorneys' fees;

  e. Any and all other relief this Court deems just and proper.

COMPLAINT FOR DAMAGES - 10

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

DATED: January 30, 2017.

COZEN O'CONNOR

/s/ *Brendan Winslow-Nason*
Brendan Winslow-Nason, WSBA #39328
BWinslow-Nason@cozen.com

*/s/ Rachael R. Wallace*
Rachael R. Wallace, WSBA #49778
rwallace@cozen.com

999 Third, Ste. 1900
Seattle, WA 98104
(206) 340-10000

*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES - 11

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000