1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

8
9

10  COZEN O'CONNOR

11          Plaintiff,

12          v.

13  STB, INC. d/b/a STB LIFESAVING
    TECHNOLOGIES, INC.; JODY
14  BELLAR, an individual; RICHARD
    MOSCARELLO, an individual; and
15  HAROLD GORLICK, an individual,
          Defendants

Case No. 17-139 RAJ

PLAINTIFF'S NOTICE OF FILING
ERRATA

16
17
18
19
20
21
22
23
24
25
26

On January 30, 2017 Plaintiff filed its Complaint for Damages in this matter.

Pursuant to Paragraph 11 of the Complaint, the engagement letter was to be attached as

Exhibit A.  However, Exhibit A was inadvertently omitted from the filing.  Therefore, we are

attaching a copy of the Complaint (as filed) with the appropriate Exhibit A.  There are no

other changes being made.

PLAINTIFF'S NOTICE OF FILING ERRATA  - 1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

1  DATED:      March 3, 2017.

COZEN O'CONNOR

2

3  /s/ Brendan Winslow-Nason
Brendan Winslow-Nason, WSBA #39328
4  Rachael R. Wallace, WSBA #49778
BWinslow-Nason@cozen.com
5  rwallace@cozen.com

6  999 Third, Ste. 1900
Seattle, WA 98104
7  (206) 340-1000
Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S NOTICE OF FILING ERRATA  - 2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the date below, I caused a true copy of the foregoing to be served on the following individuals in the manner indicated:

| | |
|---|---|
| Christopher T. Wion, WSBA #33207<br>Summit Law Group PLLC<br>315 Fifth Ave. So., Ste. 1000<br>Seattle, WA 98104-2685<br>P:  (206) 676-7000<br>chrisw@summitlaw.com | ☐ Via Messenger<br>☐ Via Fax<br>☐ Via U.S. Mail<br>☒ Via ECF Notification<br>☐ Via E-mail<br>☐ Via Overnight Delivery |

also, admitted PHV:

Richard P. Goldberg
Goldberg & Clements, PLLC
1250 Connecticut Ave. NW
Ste. 200
Washington, D.C. 20036
P:  (202) 656-5774
Richard.goldberg@goldbergclements.com

DATED:        March 3, 2017.

*/s/ Jan Young*
Jan Young

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

9

10

COZEN O'CONNOR

11

Plaintiff,                          Case No.

12

v.                          COMPLAINT FOR DAMAGES

13

STB, INC. d/b/a STB LIFESAVING          JURY TRIAL DEMANDED
TECHNOLOGIES, INC.; JODY

14

BELLAR, an individual; RICHARD

15

MOSCARELLO, an individual; and
HAROLD GORLICK, an individual,

16

Defendants

17

18

<u>**CIVIL ACTION-COMPLAINT**</u>

19

Plaintiff Cozen O'Connor hereby files its complaint, and in support thereof avers as

20

follows:

21

**PARTIES**

22

23

1.      The Plaintiff, Cozen O'Connor ("Cozen"), is a professional corporation

engaging in the business of providing legal services and organized and existing under the laws

24

25

of the Commonwealth of Pennsylvania, with its principal place of business at One Liberty

26

COMPLAINT FOR DAMAGES  - 1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

Place, 1650 Market Street, Suite 2800, Philadelphia, Pennsylvania, 19103.  Plaintiff maintains offices in locations around the United States, including an office in Seattle, Washington.

2.      Defendant STB, Inc. d/b/a STB Lifesaving Technologies, Inc. ("STB") is a corporation duly organized and existing under the laws of the state of Washington with a principal place of business at 13212 NE 16th Street, Suite 312, Bellevue, Washington 98005.

3.      On information and belief, Defendant Jody Bellar ("Bellar") is an individual residing in Bellevue, Washington.  On information and belief, at all times relevant hereto, Bellar was a co-owner and the Chief Financial Officer and Executive Vice President of STB.

4.      On information and belief, Defendant Richard Moscarello ("Moscarello") is an individual residing in Boulder, Colorado.  On information and belief, at all times relevant hereto, Moscarello was a co-owner and the Chief Executive Officer and President of STB and conducted business at the STB office in Bellevue, Washington.

5.      On information and belief, Defendant Harold Gorlick ("Gorlick") is an individual residing in Bellevue, Washington.  On information and belief, at all times relevant hereto, Gorlick was the majority owner of STB.

### JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

7.      This Court has personal jurisdiction over Defendants STB, Bellar and Gorlick because each is a resident of the state of Washington.  This Court has personal jurisdiction over Defendant Moscarello because Moscarello has done business in Washington, including in this judicial district, and because Moscarello has established sufficient minimum contacts

COMPLAINT FOR DAMAGES  - 2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

1    with this judicial district as a result of business conducted within the State of Washington and

2    within this judicial district.  The exercise of jurisdiction over Moscarello would not offend

3    traditional notions of fair play and substantial justice.

4        8.       Venue is proper in this forum in as much as the transaction or occurrence upon

5    which Plaintiff's claims are based occurred in this district.

6                                        **FACTS**

7        9.       On or about April 12, 2012, STB retained Cozen to take over the

8    representation of them in intellectual property matters, including the preparation and

9    prosecution of patent and trademark applications in the United States and abroad.

10       10.      STB received an engagement letter authored by Cozen's Partner responsible

11   for Defendants' matters, Donald McPhail (hereinafter "McPhail") and sent from Cozen's

12   Washington DC office, bearing an address of 1627 I Street, NW, Suite 1100, Washington, DC

13   20006.  McPhail joined Cozen in April 2012.  The engagement letter was dated September 4,

14   2012.

15       11.      Pursuant to the engagement letter, STB was obligated to pay fees for legal

16   services performed by Cozen.  A true and correct copy of the engagement letter is attached

17   hereto and marked as Exhibit A.

18       12.      Prior to joining Cozen, McPhail had previously represented STB on at least

19   some of these matters while affiliated with Duane Morris LLP at 505 9th St. NW, Suite 1100,

20   Washington, DC 20004.  Those particular matters were transferred by STB to Cozen in April

21   2012.

COMPLAINT FOR DAMAGES  - 3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

13.     Pursuant to the engagement letter, STB was obligated to pay Cozen's fees for legal services rendered to STB, as well as all costs and expenses incurred on STB's behalf in connection with Cozen's representation of STB.

14.     Beginning in April 2012 and continuing until the engagement was terminated, STB retained Cozen and Cozen undertook to represent STB.

15.     From April 2012 to May 2016, Cozen regularly communicated with members of STB's management team, including CEO and President Moscarello, CFO and Executive Vice President Bellar and CSO and Executive Vice President Martin J. MacPhee via telephone, mail, e-mail and in-person meetings.

16.     During the relevant period, Cozen regularly billed STB on the respective terms set forth in the engagement letter.  STB, however, quickly fell behind in its payments to Cozen.  Nevertheless, based upon McPhail's long-standing relationship with STB, Cozen continued to represent STB.

17.     Beginning in early 2014, Cozen notified Defendants that, pursuant to the terms of Cozen's engagement letter, it would be forced to withdraw its representation unless payments were made.

18.     Despite repeated promises to do so, including the personal guarantees of Gorlick, Bellar and Moscarello, and multiple proposals of a schedule for payments, Defendants failed to make any payment to Cozen.

19.     STB owes Cozen $395,546.64 for legal fees Cozen earned and costs Cozen incurred on STB's behalf from April 2012 to July 2014.

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

## COUNT I

### (Breach of Contract)

20.     Cozen incorporates by reference the averments of the preceding paragraphs 1-19 as if the same were set forth at length herein.

21.     Cozen and STB entered into a legally binding and valid retainer agreement.

22.     Pursuant to the retainer agreement, as set forth in the engagement letter, STB was obligated to pay Cozen for the legal fees earned by Cozen for its services and for the costs incurred by Cozen in connection with its representation of STB.

23.     Cozen performed its obligations required under the terms of the retainer agreement.

24.     STB breached the material terms of the retainer agreement by failing to pay Cozen for legal services rendered and costs incurred under the terms set forth therein.

25.     Cozen has given written notice to STB of its breach.

26.     As a result of STB's breach, Defendants are liable to Cozen in the total amount of $395,546.64, representing unpaid fees and costs for legal services rendered on behalf and at the request of STB.

## COUNT II

### (Quantum Meruit)

27.     Cozen hereby incorporates by reference the allegations of the preceding paragraphs 1-26 as if the same were set forth at length herein.

28.     As set forth above, Cozen rendered services to STB and incurred costs and expenses on its behalf at the request of Defendants, having a value of $395,546.64, for which Cozen has not been paid.

COMPLAINT FOR DAMAGES  - 5

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

29.     Defendants enjoyed the benefits of Cozen's services and advancements of costs and expenses but has failed to compensate Cozen for the reasonable value of said services, costs, and expenses to which Cozen is entitled and for which Cozen expects payment.

30.     The Defendants know or should know Cozen expects payment for services rendered and advancement of costs and expenses, and Defendants have been unjustly enriched as a result of the failure to compensate Cozen.

## COUNT III

### (Promissory Estoppel)

31.     Cozen hereby incorporates by reference the allegations of the preceding paragraphs 1-30 as if the same were set forth at length herein.

32.     Pursuant to the engagement letter, STB obligated itself to pay Cozen for legal fees incurred in connection with the representation of STB.  When STB subsequently defaulted, its agents, including Defendants Moscarello, Bellar and Gorlick, repeatedly promised to pay Cozen for the amounts owed.

33.     Defendants should reasonably have expected to cause Cozen to change its position.

34.     As a result of Defendants' promise, Cozen rendered additional services and incurred additional costs and expenses on behalf of Defendants.

35.     Cozen justifiably relied on Defendants' promises to its detriment, despite repeated assurances by Defendants that payment was forthcoming.

36.      Cozen demanded that STB pay the outstanding balance.

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

37.     Defendants benefitted from the services rendered, as Cozen was responsible for obtaining patents and trademarks for STB.

38.     Injustice cannot be avoided unless Defendants compensate Cozen for services rendered in reliance upon Defendants' promises.  If Defendants are not compelled to pay the outstanding balance, Defendants will have received substantial legal services free of charge.

## COUNT IV

**(Breach of Implied Duty of Good Faith and Fair Dealing)**

39.     Cozen hereby incorporates by reference the allegations of the preceding paragraphs 1-38 as if the same were set forth at length herein.

40.     Every contract carries an implied duty of good faith and fair dealing.  The implied warranty requires parties to refrain from activity that will destroy or injure the right of the other party to enjoy the fruits of the contract.

41.     Cozen entered into a contract with STB by virtue of the engagement letter.  Pursuant to the engagement letter, STB agreed to pay Cozen for the costs, expenses, and legal fees incurred in the representation as set forth in the agreement.

42.     Defendants had an obligation to deal with Cozen in good faith pursuant to the engagement letter.

43.     Defendants breached the implied duty of good faith and fair dealing by willfully evading the spirit of the contract, repeatedly offering promises of repayment to induce further performance by Cozen.

44.     Defendants were continually reminded of the outstanding balances.  Defendants have demonstrated a clear understanding of the total amount due.  Despite having

COMPLAINT FOR DAMAGES  - 7

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

been afforded numerous opportunities to pay, Defendants failed to pay Plaintiff for nearly all of the legal services rendered or costs incurred.

45.     Defendants breached the implied duty of good faith and fair dealing by willfully rendering imperfect performance, merely paying a fraction of the total amount owed in order to induce further performance.

46.     As a direct and proximate result of the breach of the aforementioned implied warranties, Cozen has been damaged in excess of $395,546.64.

## COUNT V
### (Unjust Enrichment)

47.     Cozen hereby incorporates by reference the allegations of the preceding paragraphs 1-46 as if the same were set forth at length herein.

48.     As set forth above, Cozen rendered services to STB and incurred costs and expenses on its behalf between April 2012 and July 2014 with Defendants' knowledge, for which Cozen has not been paid.

49.     Defendants are indebted to Cozen in the principal sum of $395,546.64 for rendered services and incurred costs and expenses, under circumstances such that it would be unjust for Defendants to retain the value or such services against Cozen's demands.

50.     Defendants enjoyed the benefits of Cozen's services and advancements of costs and expenses but has failed to compensate Cozen for the reasonable value of said services, costs, and expenses to which Cozen is entitled.

51.     The Defendants have been unjustly enriched as a result.

COMPLAINT FOR DAMAGES  - 8

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
Suite 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

## COUNT VI

### (Disregarding the Corporate Form – All Defendants)

52.     Cozen hereby incorporates by reference the allegations of the preceding paragraphs 1-51 as if the same were set forth at length herein.

53.     Upon information and belief, Defendants Jody Bellar, Richard Moscarello, and Harold Gorlick regularly disregarded the corporate form of STB and acted as the alter ego of STB.

54.     Upon information and belief, Defendants Jody Bellar, Richard Moscarello, and Harold Gorlick caused STB's assets to be transferred to other entities or people (including themselves), without consideration, and has left STB devoid of assets to avoid potential liability.

55.     Upon information and belief, Defendants Jody Bellar, Richard Moscarello, and Harold Gorlick personally conducted negotiations with Cozen and presented proposals related to payment of outstanding invoices.

56.     Upon information and belief, Defendants Jody Bellar, Richard Moscarello, and Harold Gorlick intentionally underfunded STB in order to avoid payment of debts owed to creditors, including Cozen.

57.     Defendants Jody Bellar, Richard Moscarello, and Harold Gorlick each held out that they were personally liable for the debts of STB. Defendants Jody Bellar, Richard Moscarello, and Harold Gorlick personally guaranteed payment to Cozen.

58.     Defendants misrepresented that they guaranteed payment to Cozen. Defendants' representation was material to Cozen's further representation and payment of costs/expenses. The representation that Defendants would pay Cozen was false, and

COMPLAINT FOR DAMAGES  - 9

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

Defendants knew the representation was false. Defendants intended Cozen to rely on the false representation to obtain additional services or advancements for costs/expenses from Cozen. Cozen was ignorant of the falsity of Defendants' statements. Cozen rightfully relied on the false representations based on the ongoing relationship between Defendants and Cozen. Cozen suffered damages in the amount of $395,546.64 from reliance on the false representation.

59.     The corporate form of STB has been used by Defendants Jody Bellar, Richard Moscarello, Harold Gorlick, and STB to evade duties that STB owes to its creditors, including Cozen. The corporate form must be disregarded to prevent loss to Cozen, an innocent party.

60.     The corporate form must be disregarded to prevent loss to innocent parties.

61.     Defendants Jody Bellar, Richard Moscarello, and Harold Gorlick are jointly and severally liable with STB for debts Defendants owe to Cozen.

## **PRAYER**

WHEREFORE, Plaintiff Cozen O'Connor demands judgment against Defendants for the following:

a.     An amount including, but not limited to, the sum of $395,546.64;

b.     Prejudgment and post-judgment interest plus

c.     Court costs;

d.     Attorneys' fees;

e.     Any and all other relief this Court deems just and proper.

COMPLAINT FOR DAMAGES  - 10

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

1    DATED:        January 30, 2017.

2                                        COZEN O'CONNOR

3
                                          /s/ Brendan Winslow-Nason
4                                        Brendan Winslow-Nason, WSBA #39328
                                         BWinslow-Nason@cozen.com
5
                                         /s/ Rachael R. Wallace
6                                        Rachael R. Wallace, WSBA #49778
                                         rwallace@cozen.com
7
8                                        999 Third, Ste. 1900
                                         Seattle, WA 98104
                                         (206) 340-10000
9
                                         Attorneys for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DAMAGES  - 11

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000



EXHIBIT A



COZEN
O'CONNOR

A PROFESSIONAL CORPORATION

THE ARMY AND NAVY CLUB BUILDING    1627 I STREET, NW, SUITE 1100    WASHINGTON, DC 20006-4007
202.912.4800 MAIN    www.cozen.com

September 4, 2012

**Donald R. McPhail**
Direct Phone  202-912-4819
dmcphail@cozen.com

Mr. Richard Moscarello, President
STB LIFESAVING TECHNOLOGIES LTD.
13212 NE 16ᵗʰ Street
Bellvue, WA 98005

Re:    <u>Legal Representation</u>

Dear Richard:

Further to our email exchanges and your written authorization, I want to thank you again for transferring your pending matters to Cozen O'Connor and asking us to take over the representation of you in these and future matters.

As before, we have agreed that this particular engagement is limited to our performance of services related to this action. Because we are not your general counsel, our acceptance of this engagement does not include responsibility for review of your insurance policies to determine the possibility of coverage for the claim asserted in this matter, for notification of your insurance carriers about the matter, or for advice to you about your disclosure obligations concerning the matter under the federal securities laws or any other applicable law.

Either at the commencement or during the course of our representation, we may express opinions or beliefs concerning your patent applications or various courses of action and the results that might be anticipated. Any such statement made by any partner or employee of our firm is intended to be an expression of opinion only, based on information available to us at the time, and should not be construed by you as a promise or guarantee.

Our fees are based on the time spent and the regular hourly rates of each attorney and legal assistant performing services on your behalf. The hourly rates vary from person to person and are adjusted not more than once each year (usually in January). While much of the work on

this matter will be handled by me directly at my current rate of $690.00 per hour, I will endeavor to use other attorneys and/or legal assistants, at lower rates, as appropriate and supervise their work.

As you know, we will incurs costs in connection with legal representation and particularly patent prosecution. These costs may include such matters as government filing fees, foreign associate fees, long distance telephone charges, special postage, courier and similar delivery charges, telecopy charges and related expenses. We separately bill our actual costs for computerized legal research and similar expenses. Please note, if we anticipate that substantial expenses will be incurred on your behalf, we may request a deposit from you prior to incurring such expenses or we may request that you pay the third party directly.

Our statements will be rendered monthly and are payable on receipt. In the event that our statements are not timely paid, or that payment terms satisfactory to us are not established, we reserve the right to renegotiate the terms of this engagement, to terminate it and withdraw from this or any representation of you, and/or to pursue our other remedies, including the right to charge you a late fee of up to 1% per month for any statement which has not been paid within 90 days after we sent it to you. We are happy to discuss our billings with you at any time and will welcome the opportunity to address any questions you may have.

Unless previously terminated, our representation of you in these matters will terminate upon our sending you our final statement for services rendered. Following such termination, any otherwise nonpublic information you have supplied to us which is retained by us will be kept confidential in accordance with applicable rules of professional conduct. At your request, your papers and property will be returned to you promptly upon receipt of payment of outstanding fees and costs. Our own files pertaining to the matter will be retained by the firm. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement.

Please do not hesitate to call me if you have any questions or concerns. Once again, we appreciate your confidence in us and look forward to continuing to work with you.

With best regards,

COZEN O'CONNOR

By:    Donald R. McPhail