HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COZEN O'CONNOR,

    Plaintiff,

v.

STB, INC. d/b/a STB LIFESAVING TECHNOLOGIES, INC.,

    Defendant.

Case No. 17-CV-00139-RAJ

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

## I. INTRODUCTION

Plaintiff Cozen O'Connor moves for default judgment. Dkt. # 46. For the reasons below, the Court **GRANTS** the Motion.

## II. BACKGROUND

Plaintiff Cozen O'Connor brought this action on January 30, 2017 to collect unpaid legal fees and/or expenses incurred in its representation of STB, Inc., d/b/a STB Lifesaving Technologies, Inc. ("STB"). In an engagement letter dated September 4, 2012 Cozen O'Connor agreed to provide STB with legal services as its counsel in multiple matters. Dkt. # 13. On February 22, 2017, STB was served with the Summons and Complaint. Dkt. # 7. On June 13, 2017, Plaintiff filed a status report with the Court stating that STB had entered into a receivership action filed in King County Superior Court. Dkt. # 19. This

ORDER – 1

matter was then stayed pending the outcome of the receivership action. Dkt. # 46-1 (Walsh Decl.), ¶ 3.

On June 9, 2022, the state Court approved the receivership's final accounting and entered an order terminating the case. *Id*. On September 9, 2022, this court entered an order lifting the stay. Dkt. # 42. Defendant has failed to plead or otherwise defend Plaintiff's motion for affirmative relief as sought in this matter. Consequently, Plaintiff filed a Motion for Entry of Default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). Dkt. # 43. The Clerk of Court filed an Entry of Default on November 8, 2022. Dkt. # 45.

### III.  DISCUSSION

At the default judgment stage, the court presumes all well-pleaded factual allegations are true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *see also Fair House. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Although the entry of default judgment under Rule 55(b) is "an extreme measure," disfavored cases should be decided upon their merits whenever reasonably possible. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002); *also see Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009).

In addition, Federal Rule of Civil Procedure 55(b)(1) permits the court to enter default judgment when the plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In moving the court for default judgment, a plaintiff must submit evidence supporting the claims for a particular sum of damages. Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," the court must hold a hearing or otherwise ensure that the damage award is appropriate, reasonable and demonstrated by evidence. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981); *see also Getty Images (US), Inc. v. Virtual Clinics*, 2014 WL 358412 (W.D. Wash. 2014). In determining damages, a court can rely on the declarations submitted by the plaintiff. *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1046 (N.D. Cal. 2010). Where there is evidence

ORDER – 2

establishing a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). Since deciding for or against default judgment is within the court's discretion, a defendant's default does not de facto entitle a plaintiff to a court-ordered judgment. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1210–11 (W.D. Wash. 2014).

In exercising its discretion, the Court considers the "*Eitel*" factors: (1) the substantive merits of plaintiff's claims, (2) the sufficiency of the claims raised in the complaint, (3) the possibility of prejudice to the plaintiff if relief is denied, (4) the sum of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy favoring decisions on the merits when reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). As discussed below, the Court has considered each of the *Eitel* factors and finds they weigh in favor of granting default judgment.

The Court considers the first three factors together. First, the merits of Plaintiff's substantive claim, and the sufficiency of the complaint, weigh in favor of granting default judgment. Plaintiff's Complaint makes the following allegations: On or about April 12, 2012, STB retained Cozen to take over the representation of them in intellectual property matters, including the preparation and prosecution of patent and trademark applications in the United States and abroad. Dkt. # 1, ¶ 9. Pursuant to the September 2012 contract, STB owes Cozen O'Connor a total of $395,546.64 for legal fees earned and costs incurred between April 2012 and July 2014. Dkt. # 1, ¶ 19; Dkt. # 46-1, ¶ 6. Despite repeated promises to do so, Defendant failed to make any payment to Plaintiff. *Id.*, ¶ 18. Based on these facts, the complaint is sufficient, and Plaintiff's substantive claim has merit. Finally, without a default judgment, Plaintiff is left without recourse for nonpayment of its legal services.

In evaluating the fourth factor, the Court considers "the amount of money at stake

ORDER – 3

in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). In this case, the sum at stake is no doubt significant but does not appear excessive and the amounts were agreed to by Defendant in exchange for legal services.

Further, there is no indication for the Court that Defendant's failure to appear is the result of excusable neglect and Defendant has failed to appear and defend the action or any of Plaintiff's subsequent motions. W.D. WASH. LCR 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."). Defendant's failure to participate effectively hampers the "strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits," *Eitel*, 782 F.2d at 1472, and further supports default judgment.

The Court finds adequate support in the record for the amounts sought by Plaintiff. Accordingly, the Court grants contractual damages of $395,546.64 with interest to accrue as allowed by federal law from the date of this Order.

### IV.   CONCLUSION

For the foregoing reasons, the Court **ORDERS**:

1. Plaintiff Cozen O'Connor's Motion for Default Judgment as to Defendant STB, Inc. (Dkt. # 46) is **GRANTED**.

2. The Clerk shall enter judgment in favor of Plaintiff Cozen O'Connor and against Defendant STB in the amount of $395,546.64.

3. Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961.

DATED this 19th day of October, 2023.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4

ORDER – 5